**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1443

PARKRIDGE 6, LLC; DULLES CORRIDOR USERS GROUP,

Plaintiffs – Appellants,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION; RAY LAHOOD,
Secretary of Transportation; PETER M. ROGOFF,
Administrator, Federal Transit Administration; VICTOR M.
MENDEZ, Administrator of FHWA; ROBERTO FONSECA-MARTINEZ,
Division Administrator of FHWA, Virginia Division; SEAN T.
CONNAUGHTON, Secretary of Transportation; JAMES BENNETT,
President and CEO Metropolitan Washington Airports
Authority,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema,
District Judge. (1:09-cv-01312-LMB-IDD)

Submitted: February 23, 2011          Decided: March 21, 2011

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher W. Walker, CHRISTOPHER W. WALKER PC, Reston,
Virginia, for Appellants. Neil H. MacBride, United States
Attorney, Robin Perrin Meier, Assistant United States Attorney,
Richmond, Virginia; Kenneth T. Cuccinelli, II, Attorney General
of Virginia, Charles E. James, II, Chief Deputy Attorney

General, E. Duncan Getchell, Jr., Solicitor General, Stephen R. McCullough, Senior Appellate Counsel, Jo Anne P. Maxwell, Senior Assistant Attorney General, Richmond, Virginia; Edward J. Fuhr, Eric H. Feiler, HUNTON & WILLIAMS LLP, Richmond, Virginia; Philip Sunderland, METROPOLITAN WASHINGTON AIRPORTS AUTHORITY, Washington, D.C., for Appellees.

––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Parkridge 6, LLC ("Parkridge") and the Dulles Corridor Users Group ("Users Group") filed this lawsuit against the United States Department of Transportation ("USDOT"), Ray LaHood, in his official capacity as United States Secretary of Transportation, Peter M. Rogoff, in his official capacity as administrator of the Federal Transit Administration ("FTA"), Victor Mendez, in his official capacity as administrator of the Federal Highway Administration ("FHWA"), and Roberto Fonseca-Martinez, in his official capacity as administrator of the Virginia division of the FHWA (collectively, "Federal Defendants"). The complaint also named Pierce R. Homer, in his official capacity as Secretary of Transportation of the Commonwealth of Virginia, and James Bennett, in his official capacity as president and chief executive officer of the Metropolitan Washington Airports Authority ("MWAA"). The lawsuit challenged plans, currently underway, to expand Metrorail access to Washington Dulles International Airport (the "Project").

Finding the complaint fatally flawed, the district court dismissed the suit with prejudice. The court concluded that Appellants lacked standing to bring suit, that many of their claims were barred by sovereign immunity, and that others

3

failed to state a claim upon which relief could be granted.  We affirm.

We review de novo the district court's order granting a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009).  A district court's dismissal for lack of standing and for the existence of sovereign immunity are questions of law that this court also reviews de novo.  See S.C. Wildlife Fed'n v. Limehouse, 549 F.3d 324, 332 (4th Cir. 2008); McBurney v. Cuccinelli, 616 F.3d 393, 398 (4th Cir. 2010).

Appellants argue that alternatives to the Project, which they claim could establish faster travel speeds and obviate the need for collecting tolls, were not considered. They maintain that failure to select an alternative to the Project has subjected them to economic damages in the form of tolls and taxes that they would not otherwise have been required to pay.  Appellants also cite "impaired access to National Airport and less than optimum access to Dulles Airport" as a basis for standing.

Our jurisdiction is circumscribed by the standing requirement of Article III of the U.S. Constitution, which limits judicial review to "cases" and "controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992).  The doctrine of standing has both constitutional and prudential

4

components.  Allen v. Wright, 468 U.S. 737, 751 (1984).  A party satisfies the constitutional component of standing if:

> (1) [the party] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).  The prudential component of standing encompasses three additional constraints:  first, generalized grievances shared by all or a large class of citizens do not warrant judicial review; second, a plaintiff must generally assert his own legal rights and may only assert rights of third-parties in specialized circumstances; and third, the grievance must fall within the zone of interests the statute or constitutional guarantee protects or regulates.  Bishop v. Bartlett, 575 F.3d 419, 423 (4th Cir. 2009).

We find that, with the exception of Count Eight, Appellants cannot establish standing to bring suit on any of the counts in the complaint.  The injuries Appellants identify fall squarely within the prudential limitation on standing that courts refrain from exercising jurisdiction over a "'generalized grievance' shared in substantially equal measure by all or a large class of citizens."  Warth v. Seldin, 422 U.S. 490, 500 (1975).  Appellants' complaint is introduced and styled as a

5

"suggestion for a new approach to some of the most vexing transportation issues in the Washington, DC Metro area." Whether or not the taxes and tolls associated with the Project are unnecessary, as the Appellants maintain, is not a particularized legal injury but a policy question of broad applicability. We therefore find that these claims are "more appropriately addressed in the representative branches." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004).

Count Eight alleges a violation of Virginia's Freedom of Information Act ("FOIA"). Appellants have standing as to this count because they need only show that they sought and were denied specific records. See Pub. Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 449-50 (1989). This count is directed against the Commonwealth of Virginia and the MWAA. The claim fails as to Virginia because sovereign immunity does not permit federal courts to hear a suit against state officials on the basis of state law. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984); see also id. at 100 n.9 (noting a state does not waive sovereign immunity in federal court by consenting to suit in its own courts). The claim fails against the MWAA because Virginia's FOIA[1] only reaches Virginia

_____

[1] Appellants assert for the first time on appeal that if Virginia's FOIA does not apply to the MWAA, then the federal FOIA must. However, we decline to address this argument as it (Continued)

6

public bodies. <u>See</u> Va. Code Ann. §§ 2.2-3701 - 3704 (2008 & Supp. 2010). The MWAA is "a political subdivision constituted to operate and improve the Metropolitan airports," and it exists "independent of Virginia and its local governments, the District of Columbia, and the United States Government." 49 U.S.C. § 49106(a)(2)-(3) (2006). As such, it is not subject to Virginia's FOIA.

Because the complaint must be dismissed in its entirety for the reasons discussed above, we decline to reach Appellants' other arguments.[2]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

was not presented to the district court. <u>Muth v. United States</u>, 1 F.3d 246, 250 (4th Cir. 1993).

[2] We note that the Appellants identified as an issue, but failed to offer argument on, the district court's authority to dismiss the complaint with prejudice. Appellants have therefore abandoned this issue. <u>See</u> <u>United States v. Al-Hamdi</u>, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.").